ORIGINAL

FILED
DEC 2 0 2012
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 12-191 T

Filed: December 20, 2012

| | |
|---|---|
| ************************************* | Civil Actions For Refund, 26 U.S.C. § 7422(a); |
| GREGORY BLUE, | Informal Claim Doctrine; |
| | Motion To Dismiss, RCFC 12(b)(1); |
| Plaintiff, *pro se*, | Motion For A More Definite Statement, RCFC 12(e); |
| v. | *Pro Se*; |
| | Tax; |
| THE UNITED STATES, | Time To Serve A Responsive Pleading, RCFC 12(a)(4)(A)(i) |
| Defendant. | Summary Judgment, RCFC 56; |
| ************************************* | Waiver Doctrine. |

**Gregory Blue,** Hempstead, New York, Plaintiff, *pro se*.

**Shelley D. Leonard,** United States Department of Justice, Tax Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND ORDER

**Braden,** *Judge*.

### I.  FACTUAL BACKGROUND[1] AND PROCEDURAL HISTORY.

On April 15, 2008, Gregory Blue ("Plaintiff") filed a 2007 U.S. Individual Income Tax Return on Form 1040A with the Internal Revenue Service ("IRS"). Gov't Ex. 1 at 1-2. Therein, Plaintiff reported a pension and an annuity in the amount of $19,356.00 as nontaxable income. Gov't Ex. 1 at 1. On July 27, 2009, however, the IRS issued a Notice Of Assessment ("July 27, 2009 Notice") in the amount of $3,049.00,[2] because Plaintiff's employer reported Plaintiff's pension as taxable. Gov't Ex. 2 at 1, 5; *see also* Gov't Ex. 1 at 3 (Plaintiff's Form W-2).

On July 31, 2009, Plaintiff replied to the July 27, 2009 Notice that the IRS's July 27, 2009 Notice of Assessment was in error, because Plaintiff's pension was nontaxable income.

---

[1] The facts were derived from the March 23, 2012 Complaint ("Compl."), Exhibit A thereto ("Pl. Ex. A"), and Exhibits attached to the Government's August 7, 2012 Motion To Dismiss ("Gov't Ex. 1-8").

[2] This amount consisted of a $2,847.00 tax increase, and $202.00 in interest. Gov't Ex. 2 at 1.

Gov't Ex. 3. In support, Plaintiff enclosed a letter from his pension fund's manager that advised that Plaintiff's monthly pension income was not taxable. Gov't Ex. 3 at 4.

On August 20, 2009, the IRS responded that, as a matter of law, Plaintiff's pension was taxable. Gov't Ex. 3 at 6. Accordingly, Plaintiff was requested to sign the attached "Consent To Tax Increase" Form. Gov't Ex. 3 at 6.

On August 24, 2009, Plaintiff again responded that the assessment was in error, because his pension income was not taxable. Gov't Ex. 3 at 7. Plaintiff also stated that, if a tax was assessed, he would file a claim in the United States Tax Court. Gov't Ex. 3 at 7.

On March 15, 2010, the IRS sent Plaintiff a Notice Of Deficiency ("March 15, 2010 Notice") that informed Plaintiff of a $2,847.00 "deficiency (increase) in [his] income tax" for tax year 2007 and included instructions on how to petition the United States Tax Court for a redetermination of the amount of Plaintiff's tax. Gov't Ex. 4 at 1-2. That Notice advised Plaintiff that any petition before the United States Tax Court must be filed within 90 days after March 15, 2010. Gov't Ex. 4 at 2.

On March 29, 2010, Plaintiff appealed the March 15, 2010 Notice by filing Form 12203, Request For Appeals Review ("March 29, 2010 Request For Appeal"). Gov't Ex. 5.

On April 29, 2010, the IRS clarified that prior correspondence from Plaintiff's pension fund's manager did not conclude that Plaintiff's pension was nontaxable income, but informed Plaintiff that taxes would not be automatically withheld if his payments were less than $1,560.00 per month. Gov't Ex. 3 at 9. On May 4, 2010, Plaintiff responded that, whether his pension was taxable or not, he reported all the income that he received. Gov't Ex. 3 at 12.[3]

On July 21, 2010, the IRS forwarded Plaintiff a notice ("July 21, 2010 Assessment") that he had been assessed the tax, as the 90 day period of review with the United States Tax Court had expired. Gov't Ex. 8 at 1. Specifically, the July 21, 2010 Assessment informed Plaintiff that, if he did not agree with the IRS's determination, he could file Form 1040X, Amended U.S. Individual Income Tax Return, and that the date due was "three years from the due date of [the] original return or two years from the date [he] paid [his] taxes in full, whichever is later." Gov't Ex. 8 at 1.

On August 16, 2010, Plaintiff paid the assessed taxes, including interest, in the amount of $3,250.00. Gov't Ex. 7 at 2.

On September 7, 2011, the Appeals Team Manager of the IRS rejected Plaintiff's March 29, 2010 Request For Appeal by a letter, stating that Plaintiff's taxable pension income for tax year 2007 properly was increased by $19,356.00 in the March 15, 2010 Notice and that his "claim for refund in the amount of $2,847.00" was disallowed. Gov't Ex. 6. The September 7, 2011 letter also informed Plaintiff that, if he wished to file suit for "the recovery of any tax, penalties or other moneys for which this disallowance notice is issued," he could do so in any

---

[3] Plaintiff also demanded that the United States Treasury Inspector General for Tax Administration be contacted, because Plaintiff was a former IRS employee. Gov't Ex. 3 at 12.

United States District Court with jurisdiction or in the United States Court of Federal Claims within two years from the mailing date of this letter. Gov't Ex. 6.

On October 11, 2011, Plaintiff filed a Petition in the United States Tax Court seeking $2,847.00, in addition to all interest paid on the alleged overpayment of his 2007 taxes. Pl. Ex. A. On March 16, 2012, the United States Tax Court dismissed the October 11, 2011 Petition for lack of jurisdiction, because it was filed 575 days after the mailing of the March 15, 2010 Notice and beyond the 90-day limitations period that expired on June 4, 2010. Pl. Ex. A.

Thereafter, on March 23, 2012, Plaintiff filed a Complaint in the United States Court of Federal Claims seeking $2,847.00 and all interest paid on the alleged overpayment of his 2007 taxes. Compl. at 1.

On May 24, 2012, the Government filed a Motion For A More Definite Statement ("5/24/12 Gov't Mot."), asserting that it could not determine whether Plaintiff had filed an administrative claim for refund. 5/24/12 Gov't Mot. at 1-2. The Government also advised the court that it would move to dismiss the March 23, 2012 Complaint, if Plaintiff could not produce a formal claim for refund, as required by 26 U.S.C. § 7422(a)[4] and Rule 9(m)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). 5/24/12 Gov't Mot. at 1-2.

On June 7, 2012, Plaintiff responded that the claim for refund was filed in the form of the March 29, 2010 Request For Appeal to the IRS Appeals Division and Plaintiff's October 11, 2011 Petition to the United States Tax Court. 6/7/12 Pl. Resp. at 1. On June 15, 2012, the Government filed a Reply ("Gov't Reply") stating that neither of these filings satisfied the jurisdictional prerequisite that Plaintiff must file an administrative claim for refund before he may file a Complaint in the United States Court of Federal Claims. Gov't Reply at 1-2.

On July 6, 2012, Plaintiff filed a Motion For Summary Judgment ("Pl. Mot. Summ. J.") contending that the Government's intended Motion To Dismiss is without merit, since Plaintiff filed a timely March 29, 2010 Request For Appeal with the IRS Appeals Division, and later with the United States Tax Court, and requesting the court to adjudicate the facts in the Complaint. Pl. Mot. Summ. J. at 1.

On August 7, 2012, the Government filed a Motion To Dismiss And Opposition To Plaintiff's Motion For Summary Judgment ("8/7/12 Gov't Mot. Dismiss").

---

[4] Section 7422(a) of the Internal Revenue Code provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

## II.  DISCUSSION

### A.  Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. In the parlance of Tucker Act cases, that source must be 'money-mandating.'").

The Tucker Act authorizes the United States Court of Federal Claims to adjudicate tax refund claims if a taxpayer has paid the full assessed federal tax liability and timely filed a refund claim with the IRS stating the grounds for the claim. *See* 28 U.S.C. § 1491(a); 26 U.S.C. §§ 6511(a), 7422(a); *see also Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (holding that a tax refund claim must be dismissed if the "principal tax deficiency has not been paid in full"). If the claim is denied by the IRS and the taxpayer timely files suit, the United States Court of Federal Claims has jurisdiction to adjudicate the tax refund claim. *See* 26 U.S.C. § 6532(a); *see also* 28 U.S.C. § 1346(a)(1). The issue of whether the court has jurisdiction over Plaintiff's tax refund claim is discussed more fully below.

### B.  Standard Of Review For Pro Se Litigants.

The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a

*pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. Relevant Standards.

#### 1. Motion To Dismiss Pursuant to RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

#### 2. Motion For A More Definite Statement Pursuant to RCFC 12(e).

The United States Court of Federal Claims has the power, under RCFC 12(e), to order a more definite statement of a claim, if the complaint is "so vague or ambiguous that the [United States] cannot reasonably prepare a response." *Gal-Or v. United States*, 93 Fed. Cl. 200, 205 (2010) (quoting RCFC 12(e)). "The motion shall point out the defects complained of and the details desired." RCFC 12(e). RCFC 8(a) specifies, however, that plaintiffs need only include in their pleading "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." RCFC 8(a); *Whalen v. United States*, 80 Fed. Cl. 685, 693 (2008) (citing *Federal Air Marshals v. United States*, 74 Fed. Cl. 484, 488 (2006)).

#### 3. Motion For Summary Judgment Pursuant to RCFC 56.

The moving party bears the burden on a motion for summary judgment of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (holding that the moving party must meet its burden "by 'showing' – that is pointing out to the [trial court] that there is an absence of evidence to support the nonmoving party's case."); *see also* RCFC 56. Issues of genuine fact, and all reasonable inferences and presumptions, are to be resolved in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) ("Respondents correctly note that '[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962))).

On a motion for summary judgment, if there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. *See Moden v. United States*, 404 F.3d 1335, 1342 (Fed. Cir. 2005) ("Summary judgment is only appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."); *see also* RCFC 56(c). Genuine disputes of material facts that might affect the outcome of the suit will preclude entry of summary judgment. *See Anderson*, 477 U.S. at 247-48 ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. . . . That is, while the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). The existence of "some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Id.* Therefore, to avoid summary judgment, the nonmoving party must put forth evidence sufficient for a reasonable factfinder to return a verdict for that party. *Id.* at 248-50.

### D.     The Government's August 7, 2012 Motion To Dismiss.

#### 1.     The Government's Argument.

The Government argues that the court lacks jurisdiction to consider the March 23, 2012 Complaint. 8/7/12 Gov't Mot. Dismiss at 1. According to 26 U.S.C. § 7442(a), submission of a claim for refund to the IRS is a prerequisite to the court's exercise of jurisdiction over Plaintiff's tax refund claim. 8/7/12 Gov't Mot. Dismiss at 3 (citing *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272 (1931)). Treas. Reg. § 301.6402-3(a)(2) prescribes Form 1040X to accomplish this purpose, but Plaintiff failed to file this Form. 8/7/12 Gov't Mot. Dismiss at 4.

In addition, Plaintiff's correspondence with the IRS and Request For Appeal do not constitute an "informal claim" for refund, because an informal claim is only valid insofar as it is later perfected by a formal claim for refund, such as a Form 1040X. 8/7/12 Gov't Mot. Dismiss at 4 (citing *Pennoni v. United States*, 86 Fed. Cl. 351, 363 (2009) ("Although a sufficient informal claim may prevent a plaintiff's claim from being rejected as time-barred, failure to subsequently perfect the claim by complying with the formal claim requirements will bar the court from exercising jurisdiction over the claim.")). Furthermore, Plaintiff's correspondence with the IRS and March 29, 2010 Request For Appeal are not informal refund claims, because the amount at issue had not been paid at that time. 8/7/12 Gov't Mot. Dismiss at 5. Although Plaintiff's petition to the United States Tax Court was made after payment, the Government maintains that this is, at best, an unperfected informal claim. 8/7/12 Gov't Mot. Dismiss at 5. The Government also argues that, even if Plaintiff's correspondence with the IRS did constitute an informal refund claim, it was never perfected as required. 8/7/12 Gov't Mot. Dismiss at 4-5.

#### 2.     The Plaintiff's Response.

The Plaintiff did not respond to the Government's August 7, 2012 Motion To Dismiss, but in Plaintiff's July 6, 2012 Motion For Summary Judgment, Plaintiff argues that his filings with the IRS Appeals Division and with the United States Tax Court constituted proper and timely claims for refund. Pl. Mot. Summ. J. at 1.

### 3. The Court's Resolution.

Section 7422(a) of the Internal Revenue Code states that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). As stated in section 7422(a), the IRS is authorized to prescribe the form of the refund claim. The IRS has done so in Treas. Reg. § 301.6402-3(a)(2), requiring that, "[i]n the case of an overpayment of income taxes for a taxable year of an individual for which a Form 1040 or 1040A has been filed, a claim for refund shall be made on Form 1040X." After Plaintiff was informed of the formal procedures required to institute a refund claim by the August 4, 2010 Assessment, it does not appear that Plaintiff ever filed a formal claim for refund on Form 1040X.

The August 4, 2010 Assessment informed Plaintiff that "the due date for filing Form 1040X is three years from the due date of your original return or two years from the date you paid your taxes in full, whichever is later." Gov't Ex. 8. Plaintiff paid the assessed tax on August 16, 2010, meaning that the later period of limitations for filing a refund claim expired on August 16, 2012. Therefore, the only issue remaining is whether the court has jurisdiction over the March 23, 2012 Complaint, although Plaintiff did not satisfy the IRS's formal refund claim requirements within the period of limitations.

#### a. Exceptions to the Formal Claim Requirement.

There are four recognized exceptions to the formal claim requirement, two of which are pertinent to the Government's August 7, 2012 Motion To Dismiss.[5]

##### i. The Informal Claim Doctrine.

The United States Court of Appeals for the Federal Circuit has recognized the validity of an informal claim, if it "fairly apprises the IRS of the basis of the claim within the limitations period." *See Computervision Corp. v. United States*, 445 F.3d 1355, 1364 (Fed. Cir. 2006) (citing *Kales v. United States*, 314 U.S. 186 (1941)). A trial court may invoke the informal claim doctrine, but only where "a [timely] notice fairly advising the Commissioner of the nature of the taxpayer's claim [has been made so that the claim can be treated as effective and] where formal defects . . . have been remedied by amendment filed after the lapse of the statutory period."

---

[5] The third exception, the general claim doctrine, exists where "(1) the taxpayer has filed a formal general claim within the limitations period; and (2) an amendment is filed outside the limitations period that makes the general claim more specific." *Computervision Corp. v. United States*, 445 F.3d 1355, 1368 (Fed. Cir. 2006). The fourth exception, the germaneness doctrine, only applies where the taxpayer "(1) files a formal claim within the limitations period making a specific claim;" and "(2) after the limitations period but, while the IRS still has jurisdiction over the claim, files a formal amendment raising a new legal theory—not specifically raised in the original claim—that is 'germane' to the original claim, that is, it depends upon facts that the IRS examined or should have examined within the statutory period while determining the merits of the original claim." *Id.* at 1370. The court has determined that neither of these exceptions applies in this case, because Plaintiff never filed a formal claim or amendment, i.e. a Form 1040X, either during or outside the limitations period.

*Kales*, 314 U.S. at 194. As a matter of law, a notice is timely if it: provides actual or constructive notice to the Commissioner that the taxpayer is seeking a refund; describes the factual and legal basis for the claim; and has a written component. *Mobil Corp.* v. *United States*, 67 Fed. Cl. 708, 716 (2005); *see also New Eng. Elec. Sys.* v. *United States*, 32 Fed. Cl. 636, 641 (1995) ("There are three components to an informal claim. First, an informal claim must provide the Commissioner of the IRS with notice that the taxpayer is asserting a right to a refund. Second, the claim must describe the legal and factual basis for the refund. Finally, an informal claim must have some written component.").

An informal claim, however, is only valid if it is subsequently perfected by a proper formal claim for refund, in this case, a Form 1040X. *See Pennoni* v. *United States*, 86 Fed. Cl. 351, 363 (2009). In this case, it appears that Plaintiff has never filed a Form 1040X, so, regardless of whether any of Plaintiff's correspondence, his March 29, 2010 Request For Appeal, or his Petition filed with the United States Tax Court, constituted an informal claim, the informal claim doctrine does not apply.

### ii.  The Waiver Doctrine.

The waiver doctrine also provides an exception to the formal refund claim requirements where the IRS has adjudicated an informal claim as if it were formal. In *Angelus Milling Co.* v. *C.I.R.*, 325 U.S. 293 (1945), the IRS had adjudicated, within the period of limitations, a claim that was not submitted in the form required by regulation. The United States Supreme Court held that "[i]f the Commissioner chooses not to stand on his own formal or detailed requirements, it would be making an empty abstraction, and not a practical safeguard, of a regulation to allow the Commissioner to invoke technical objections after he has investigated the merits of a claim and taken action on it." *Id.*; *see also United States* v. *Memphis Cotton Oil Co.*, 288 U.S. 62 (1933) (holding that a claim, though general, was sufficient where it was adjudicated by the agency). The United States Court of Appeals for the Federal Circuit also has observed that the central purpose of the waiver doctrine is "to prevent IRS agents from lulling taxpayers into missing the limitations deadline." *Computervision Corp.*, 445 F.3d at 1366; *see also id.* at 1366-67 ("Where the taxpayer learns, within the limitations period, that the IRS has addressed the merits of a particular ground, and thus fails to file a timely formal claim raising that ground, the taxpayer's claim is not barred.").

In this case, it appears that the IRS treated Plaintiff's Request For Appeal as a claim for refund and administratively processed it as such. *See* Gov't Ex. 6 (responding on September 7, 2011 to Plaintiff's pre-payment March 29, 2010 Request For Appeal, "your *claim for refund* . . . has been disallowed.") (emphasis added). The letter also stated that the law permits Plaintiff to file a claim "for the *recovery* of any tax . . . by filing such a suit . . . with the United States Court of Federal Claims . . . within 2 years from the mailing date of this letter." Gov't Ex. 6 (emphasis added). Section 6532(a) of the Internal Revenue Code[6] provides that no suit may be brought "under section 7422(a) for the recovery of any income tax . . . after the expiration of 2 years from the date of mailing by certified mail." It is clear that the IRS treated Plaintiff's March 29, 2010

---

[6] The section of the Internal Revenue Code cited by the IRS's September 7, 2011 letter is entitled "Suits by taxpayers for refund." 26 U.S.C. § 6532(a).

Request For Appeal as a claim for a refund, even though the claim was not made on Form 1040X and was prior to the payment of the assessed tax.

Therefore, the Government's invocation of the informal claim doctrine is misplaced. Although it is true that an informal claim must be perfected before the court can exercise jurisdiction, it is also true that where the IRS has adjudicated a claim that does not meet the formal requirements, those requirements are waived for purposes of stating a refund claim. In this case, the IRS Office of Appeals processed Plaintiff's Request For Appeal in the same manner as it would have if the claim had been presented on form 1040X, thereby evidencing that the IRS waived formal requirements as to Plaintiff's refund claim. For these reasons, the court has determined that it has jurisdiction to adjudicate the tax refund claim alleged in the March 23, 2012 Complaint.

### E.   The Government's May 24, 2012 Motion For A More Definite Statement.

#### 1.   The Government's Argument.

The Government's May 24, 2012 Motion For A More Definite Statement states that the March 23, 2012 Complaint is not specific enough to allow the Government to prepare an answer. 5/24/12 Gov't Mot. at 1-2. Specifically, the March 23, 2012 Complaint does not allege that Plaintiff filed a claim for refund, nor attach a copy of a refund claim, as required by RCFC 9(m)(1), which is necessary for the Government to investigate the merits, as well as a prerequisite for the court's exercise of jurisdiction, pursuant to 26 U.S.C. § 7422(a). 5/24/12 Gov't Mot. at 1-2.

#### 2.   The Plaintiff's Response.

Plaintiff's June 7, 2012 Response states that the March 29, 2010 Request For Appeal from the IRS and his October 11, 2011 Petition in the United States Tax Court constituted proper refund claims. 6/7/12 Pl. Resp. at 1.

#### 3.   The Court's Resolution.

Although the Government insists that, because Plaintiff did not attach a copy of the refund claim, the Government cannot adequately investigate the allegations in the March 23, 2012 Complaint, that argument lacks merit. The March 23, 2012 Complaint clearly states that Plaintiff is requesting reimbursement for the taxation of his pension income reported on "LINE 12B OF 1040A 2007 TAX YEAR." Compl. at 1. It also specifies what is challenged and allows the Government to answer. The Government's only remaining contention is that the March 23, 2012 Complaint does not inform it of whether the court has jurisdiction over Plaintiff's claim.

For the reasons discussed above, the court has determined that it has jurisdiction in this case, and the Government's Answer is due within 14 days after the issuance of this Memorandum Opinion and Order. *See* RCFC 12(a)(4)(A)(i). As such, the Government's May 24, 2012 Motion For A More Definite Statement is denied.

### F.   Plaintiff's July 6, 2012 Motion For Summary Judgment.

#### 1.   The Plaintiff's Argument.

The July 6, 2012 Motion For Summary Judgment contends that Plaintiff reported all required income and that his pension was not taxable. Pl. Mot. Summ. J. at 1. Therefore, Plaintiff requests that the court issue a judgment on the merits, based on these existing facts. Pl. Mot. Summ. J. at 1.

#### 2.   The Government's Response.

The Government responds that Plaintiff's July 6, 2012 Motion is premature and must be denied. The Government has not filed an Answer and the parties have not conducted discovery. 8/7/12 Gov't Mot. Dismiss at 5. In addition, Plaintiff has not supported the factual allegations asserted in the July 6, 2012 Motion. 8/7/12 Gov't Mot. Dismiss at 5-6.

#### 3.   The Court's Resolution.

Genuine disputes of material fact that might affect the outcome of the suit will preclude entry of summary judgment. *See Anderson*, 477 U.S. at 247-48. Material factual disputes cannot be addressed prior to the Government's Answer and discovery. At this juncture, the court has limited information about the merits of the tax refund claim at issue. Summary Judgment is appropriate only where there is no evidence to support the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 325; *Moden*, 404 F.3d at 1342. The IRS statements attached to the Government's August 7, 2012 Motion To Dismiss are sufficient to establish that a material fact is in dispute. Gov't Ex. 1-8. Plaintiff has not established his entitlement to summary judgment on the merits of his refund claim as a matter of fact and law. *See* RCFC 56(c). For these reasons, Plaintiff's July 6, 2012 Motion For Summary Judgment is denied.

### III.   CONCLUSION.

For the foregoing reasons, the Government's August 7, 2012 Motion To Dismiss is denied, the Government's May 24, 2012 Motion For A More Definite Statement is denied, and Plaintiff's July 6, 2012 Motion For Summary Judgment is denied. The Government will file an Answer on or before January 3, 2013.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
Judge